**IN THE COURT OF APPEALS OF IOWA**

No. 20-0390
Filed April 13, 2022

**BRETT MICHAEL JONES,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____

        Appeal from the Iowa District Court for Polk County, Karen Romano, Judge.


        Brett Jones appeals the denial of his application for postconviction relief.
**AFFIRMED.**


        Martha J. Lucey, State Appellate Defender, and Bradley M. Bender, Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and William A. Hill, Assistant Attorney General, for appellee State.


        Considered by Bower, C.J., and Vaitheswaran and Schumacher, JJ.

**SCHUMACHER, Judge.**

Brett Jones appeals the denial of his application for postconviction relief (PCR). He contends a recent United States Supreme Court decision, *United States v. Haymond*, 139 S. Ct. 2369, 2382 (2019), renders a revocation of special sentence unconstitutional. Because of the significant differences between the federal statute in *Haymond* and the state statute at play in this case, we find *Haymond* inapplicable. Accordingly, we affirm.

## I.      Background Facts & Proceedings

Jones was charged by trial information on August 11, 2009, with sexual abuse. On December 14, he pled guilty to lascivious acts with a child, a class "C" felony, in violation of Iowa Code section 709.8 (2009). The court sentenced Jones to an indeterminate sentence of ten years, suspended the sentence, and placed Jones on probation for five years. Additionally, pursuant to Iowa Code section 903B.1, the court sentenced Jones to a special sentence, committing him to the supervision of the Iowa Department of Corrections for the rest of his life.

Jones violated his probation, which was revoked on November 4, 2010. He discharged his prison sentence on March 2, 2014, and began to serve his special sentence. Jones subsequently violated the terms of his special sentence. As a result, his special sentence was revoked on October 16, 2018, and the court sentenced Jones to a five-year term of incarceration pursuant to section 903B.1.

Jones filed a PCR application on March 28, 2019, challenging the constitutionality of his sentence, claiming his sentence exceeded the maximum authorized by law, and alleging he had already discharged his sentence. Jones filed a pro se motion for summary judgment, which was denied.

A hearing on Jones's application commenced on January 21, 2020. Jones asserted a recent Supreme Court decision, *Haymond*, 139 S. Ct. at 2382, applied to Jones's sentence. After hearing argument from both parties and considering post-hearing briefs on the issue, the district court determined *Haymond* was not applicable and denied Jones's application for relief. Jones appeals.

## II.     Standard of Review

"Generally, an appeal from a denial of an application for postconviction relief is reviewed for correction of errors at law." *Nguyen v. State*, 878 N.W.2d 744, 750 (Iowa 2016) (citation omitted). However, when the basis for the PCR application implicates a constitutional violation, our review is de novo. *Linn v. State*, 929 N.W.2d 717, 729 (Iowa 2019).

## III.    Discussion

Jones claims the district court erred in denying his PCR application because *Haymond* prohibits the revocation of his special sentence and accompanying imprisonment in the absence of a separate jury trial. We disagree. The statute in *Haymond* is distinct from the applicable Iowa statute at issue.

*Haymond* dealt with the alleged unconstitutionality of 18 U.S.C. section 3583(k). 139 S. Ct. at 2374. That section imposed a prison term of between five years and life when a defendant on supervised release violated any of the enumerated offenses, which were separately codified as federal crimes. *Id.* Unlike traditional criminal offenses, the judge was required to find the defendant committed such offense by the preponderance of the evidence. *See id.* Haymond argued his sentence violated the Fifth and Sixth Amendments of the United States Constitution. *Id.* at 2373.

A four-justice plurality held that the statute requiring imprisonment was unconstitutional. *Id.* at 2382. The court examined two cases, *Apprendi v. New Jersey*, 530 U.S. 466, 483-84 (2000), and *Alleyne v. United States*, 570 U.S. 99, 117 (2013), which prohibited a court from increasing the maximum and minimum sentence, respectively, based on judge-made findings of new fact by a preponderance of the evidence. *Haymond*, 139 S. Ct. at 2377-78. The plurality's conclusion was succinctly explained:

> By now, the lesson for our case is clear. Based on the facts reflected in the jury's verdict, Mr. Haymond faced a lawful prison term of between zero and 10 years under § 2252(b)(2). But then a judge—acting without a jury and based only on a preponderance of the evidence—found that Mr. Haymond had engaged in additional conduct in violation of the terms of his supervised release. Under § 3583(k), that judicial factfinding triggered a new punishment in the form of a prison term of at least five years and up to life. So just like the facts the judge found at the defendant's sentencing hearing in *Alleyne*, the facts the judge found here increased "the legally prescribed range of allowable sentences" in violation of the Fifth and Sixth Amendments.

*Id.* at 2378.

The plurality noted that it was not invalidating supervised release sentences as a whole. *Id.* Instead, it only found that a particular kind of supervised release revocation was unconstitutional:

> Today, we merely acknowledge that an accused's final sentence includes any supervised release sentence he may receive. Nor in saying that do we say anything new: This Court has already recognized that supervised release punishments arise from and are "treat[ed] . . . as part of the penalty for the initial offense." *Johnson v. United States*, 529 U.S. 694, 700 (2000). The defendant receives a term of supervised release thanks to his initial offense, and whether that release is later revoked or sustained, it constitutes a part of the final sentence for his crime. As at the initial sentencing hearing, that does not mean a jury must find every fact in a revocation hearing that may affect the judge's exercise of discretion within the range of punishments authorized by the jury's verdict. But it does mean that

a jury must find any facts that trigger a *new* mandatory minimum prison term.

*Id.* at 2379-80 (alterations in original). Thus, the principle issue with section 3583(k) was that it increased the minimum and maximum sentence the defendant faced without a finding by a jury beyond a reasonable doubt. *Id.* at 2380. However, when the revocation does not increase the possible punishment for the defendant, a finding by a judge of the preponderance of the evidence is sufficient.

Justice Breyer joined the plurality's decision, but on more narrow grounds.[1] He found three aspects of the statute made it different from traditional revocation, which is constitutional, and more like punishment for a new offense:

> First, § 3583(k) applies only when a defendant commits a discrete set of federal criminal offenses specified in the statute. Second, § 3583(k) takes away the judge's discretion to decide whether violation of a condition of supervised release should result in imprisonment and for how long. Third, § 3583(k) limits the judge's discretion in a particular manner: by imposing a mandatory minimum term of imprisonment of "not less than 5 years" upon a judge's finding that a defendant has "commit[ted] any" listed "criminal offense."

*Id.* at 2386 (emphasis omitted).

We determine the *Haymond* decision is inapplicable to the present case because the state statute at issue, Iowa Code section 903B.1, is different in several important respects. For instance, Jones did not receive a new sentence that increased either the possible minimum or maximum prison term allowed for his initial conviction. Instead, section 903B.1 includes no statutory minimum; the statute instructs the court to impose a sentence that "shall not be for a period greater than two years upon any first revocation, and five years upon any second

---

[1] As the narrowest grounds, Justice Breyer's opinion is controlling. *See Haymond*, 139 S. Ct. at 2386 (Alito, J., dissenting).

or subsequent revocation."[2] Moreover, Jones's maximum sentence did not increase because he was originally sentenced to a special sentence for a term of life. Thus, Jones is not facing prison time that was not already imposed at the time of his initial conviction.

Turning to the factors Justice Breyer identified in his concurrence, it is clear section 903B.1 is akin to traditional, and therefore constitutional, probation revocation rather than the unconstitutional revocation in *Haymond*. First, section 903B.1 does not contain an enumerated list of discrete offenses that trigger revocation. Instead, Jones was expected to abide by normal probation and parole requirements. *See* Iowa Code § 903B.1 ("[T]he person shall begin the sentence under supervision as if on parole or work release . . . and the terms and conditions of the special sentence, including violations, shall be subject to the same set of procedures" as parole and probation). Second, the sentencing judge retains discretion on how long the defendant must return to prison—the statute only sets the maximum sentence allowed. Third, as noted above, there is no mandatory minimum sentence.

Thus, section 903B.1 imposes "sanctions for the defendant's 'breach of trust' . . . not 'for the particular conduct triggering the revocation as if that conduct were being sentenced as new . . . criminal conduct.'" *Haymond*, 139 S. Ct. at 2386 (Breyer, J., concurring) (citation omitted). The punishment for violation of parole for Jones was determined at the time of his initial sentencing hearing. Jones did

---

[2] By comparison, Haymond was initially sentenced under a statute allowing for between zero and ten years in prison, while his revocation permitted a term of imprisonment of between five years and life. *Haymond*, 139 S. Ct. at 2373.

not suffer from an increase in punishment at his parole revocation hearing. We affirm the dismissal of Jones's PCR application.

**AFFIRMED.**